UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. RENEE MALLISON,

   Plaintiff,

                  No. 1:09-cv-1133

v.

                  HON. ROBERT HOLMES BELL

HAWORTH, INC.

   Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

   This matter is before the Court of Plaintiff's motion to expand the record to include the full deposition transcript with exhibits of Brian DeKraker. (Dkt. No. 55.) The additional material which Plaintiff seeks to include in the record were never submitted to this Court. For the reasons that follow, Plaintiff's motion will be denied.

   Federal Rule of Appellate Procedure 10(e) allows a district court to amend the record on appeal only when the parties dispute whether the record actually discloses what occurred in the district court or when a material matter is omitted by error or accident. The rule allows the district court to ensure that the record on appeal accurately reflects the record before the district court, but it does not permit the district court to significantly alter the record after a notice of appeal has been filed. *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982). In the Sixth Circuit, Rule 10(e) may not be used to supplement the record with materials which the district court did not consider. *Thompson v. Bell*, 373 F.3d 688, 690 (6th Cir. 2004) ("While some circuit courts have held that Rule

10(e) allows that inclusion of material the district court did not consider, the rule in this circuit had consistently been that Rule 10(e) does not allow such inclusion." (citations omitted)), *rev'd on other grounds*, 545 U.S. 794 (2005); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) ("[Plaintiff] is simply attempting to add new material that was never considered by the district court. This is not permitted under [Rule 10(e)].").

Plaintiff argues that Plaintiff's counsel erred in failing to include the supplemental DeKraker material, and that the material should now be added to the record because Defendant "continues to mislead the Sixth Circuit as it misled the district court . . . ." (Dkt. No. 59 at 3.)  However, it was Plaintiff's responsibility to contest this alleged mischaracterization with all appropriate evidence when it was first made before this Court. The Court does not have authority under Rule 10(e) or Sixth Circuit precedent to expand the record on appeal with material which was never received by this Court simply because Plaintiff believes it refutes a statement made by Defendants both before this Court and on appeal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to expand the record (Dkt. No. 55) is **DENIED**.


Dated: August 16, 2011               /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE